UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLOW RENOISE STALLING, | No. 2:16-cv-2083 GEB DB P |
| Petitioner, | |
| v. | ORDER |
| DAVID BAUGHMAN, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner challenges his 1997 conviction for murder. He claims his plea was involuntary. Before the court is petitioner's motion to proceed in forma pauperis and his petition for screening. For the reasons set forth below, the court will grant the motion to proceed in forma pauperis and give petitioner an opportunity to show why this case should not be dismissed for untimeliness.

**IN FORMA PAUPERIS**

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

////

////

1

# SCREENING

Rule 4 of the Rules Governing Section 2254 Cases requires a district court to dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." A review of the petition shows that it is untimely.

## I. Statute of Limitations

The habeas statute's one-year statute of limitations provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Under subsection (d)(1)(A), the limitations period runs from the time a petition for certiorari to the United States Supreme Court was due, or, if one was filed, from the final decision by that court. Lawrence v. Florida, 549 U.S. 327, 339 (2007).

The limitations period is statutorily tolled during the time in which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). A state petition is "properly filed," and thus qualifies for statutory tolling, if "its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000). "The period between a California lower court's denial of review and the filing of an original petition in a

higher court is tolled—because it is part of a single round of habeas relief—so long as the filing is timely under California law." Banjo v. Ayers, 614 F.3d 964, 968 (9th Cir. 2010) (citing Evans v. Chavis, 546 U.S. 189, 191-93 (2006)); see also Carey v. Saffold, 536 U.S. 214, 216-17 (2002) (within California's state collateral review system, a properly filed petition is considered "pending" under section 2244(d)(2) during its pendency in the reviewing court as well as during the interval between a lower state court's decision and the filing of a petition in a higher court, provided the latter is filed within a "reasonable time").

The limitations period may be equitably tolled if a petitioner establishes "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). An extraordinary circumstance must be more than merely "'oversight, miscalculation or negligence on [the petitioner's] part.'" Waldron–Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009) (quoting Harris v. Carter, 515 F.3d 1051, 1055 (9th Cir. 2008)). Rather, petitioner must show that some "external force" "stood in his way." Id. "The high threshold of extraordinary circumstances is necessary lest the exceptions swallow the rule." Lakey v. Hickman, 633 F.3d 782 (9th Cir. 2011) (citations and internal quotation marks omitted).

**II.  Is the Petition Timely?**

The court's review of state court records shows that petitioner filed an appeal on March 2, 1998.[1] See People v. Stalling, no. C028822 (Cal. Ct. App., Third App. Dist.). On April 23, 1998, the Court of Appeal dismissed the case as untimely. See id. (citing former Cal. R. Ct. 31(a) (appeal must be taken within 60 days of judgment)). On June 26, 1998, petitioner filed an original habeas corpus petition in the California Supreme Court. See In re Stalling, no. S071493 (Cal. Sup. Ct.). That petition was denied on December 22, 1998. Finally, on March 4, 2004,

---

[1] Petitioner's state appellate court records are available at: http://appellatecases.courtinfo.ca.gov/search/searchResults.cfm?dist=3&search=party. His state supreme court record is available at: http://appellatecases.courtinfo.ca.gov/search/case/mainCaseScreen.cfm?dist=0&doc_id=1803227&doc_no=S071493. This court may take judicial notice of public records from other courts. Fed. R. Evid. 201.

3

petitioner filed a habeas corpus petition in the California Court of Appeal.  See In re Stalling, no. C046267 (Cal. Ct. App., Third App. Dist.).  The Court of Appeal denied that petition on March 25, 2004.

There is no question that the statute of limitations expired long ago.  When petitioner first filed this action, over 18 years had passed since his conviction was final.  Even were petitioner to get the benefit of statutory tolling for his state appellate and supreme court proceedings, the latest date for filing a petition in this court would have been March 25, 2005, one year after the Court of Appeal's denial of petitioner's habeas corpus petition.

With respect to equitable tolling, petitioner states in his petition that he is developmentally disabled.  However, he provides no reasons for failing to file this federal habeas petition sooner.  In Bills v. Clark, 628 F.3d 1092, 1093 (9th Cir. 2010), the Ninth Circuit concluded that "equitable tolling is permissible when a petitioner can show a mental impairment so severe that the petitioner was unable personally either to understand the need to timely file or prepare a habeas petition, and that impairment made it impossible under the totality of the circumstances to meet the filing deadline despite petitioner's diligence."  Thus, under Bills, petitioner must establish two things.  First, that he had a severe mental impairment that made it impossible to meet the filing deadline.  628 F.3d at 1099.  Second, that he was diligent "in pursuing the claims to the extent he could understand them."  Petitioner will be given an opportunity to make this showing.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Petitioner's motion for proceed in forma pauperis (ECF No. 12) is granted; and
2. Within thirty days of the date of this order, petitioner shall file a document describing how he has been diligent in pursuing his legal remedies and why extraordinary circumstances prevented him from filing the petition in this case sooner.

Dated:  August 2, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9